UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NANCY MATTINGLY and TERRY M. MATTINGLY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:06CV789 HEA<br>) |
| MEDTRONIC, INC., | )<br>) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion to Dismiss Counts I, II, III, IV, VIII, IX, and X of Plaintiff's Complaint, [Doc. # 8]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is denied in part and granted in part.

**Facts and Background**

Plaintiffs filed this wrongful death action under various theories of recovery seeking damages for an allegedly malfunctioning implantable cardiac defibrillator (ICD) which was implanted in Terry Mattingly, plaintiffs' decedent. Plaintiffs contend that the ICD which was implanted in decedent malfunctioned due to the failure/short-circuiting of the battery and/or high voltage capacitors of the ICD. As

a result of this, plaintiffs allege Terry Mattingly died. Plaintiffs' Complaint consists of the following counts: Count I: Negligence; Count II: Strict Liability: Design and Manufacturing Defects; Count III: Negligence *Per Se*; Count IV: Strict Liability: Failure to Warn; Count V: Negligent Failure to Warn; Count VI: Breach of Implied Warranty; Count VII: Breach of Express Warranty; Count VIII: Misrepresentation by Omission; Count IX Violation of Consumer Protection Statutes; Count X Punitive Damages.

Defendant moves to dismiss Counts I, II, III, IV, VIII, IX, and X pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

**Standard of Review**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Gilmore v. County of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. *Krentz v. Robertson Fire Protection District,* 228 F.3d

897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)); *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. at 45-46.

## Discussion

Defendant moves to dismiss Counts Four, Five and Eight as duplicitous of Counts Two and Three. Upon examination, defendant is correct that the Counts it seeks to have dismissed include repetitive allegations, however, the Counts actually allege separate theories of recovery. Plaintiff is entitled to allege negligence and negligent failure to warn; strict liability and strict liability for failure to warn; and misrepresentation by omission. The mere fact that plaintiff has included in these

3

counts an allegation of a failure to warn does not require dismissal. Any repetition in these counts should be and is, stricken.

The Merchandising Practices Act ("MPA") was created to supplement the definition of common law fraud. *Clement v. St. Charles Nissan, Inc.,* 103 S.W.3d 898, 899 (Mo. App. 2003) (citing *State ex rel. Danforth v. Independence Dodge, Inc.,* 494 S.W.2d 362, 368 (Mo. App. 1973)). It attempts to preserve fundamental honesty, fair play and right dealings in public transactions. *Id.* "The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri is declared to be an unlawful practice." MO. REV. STAT. § 407.020.1 (2000). There is no definitive definition of deceptive practices. *Clement,* 103 S.W.3d at 900 (citing *State ex rel. Webster v. Areaco Inv. Co.,* 756 S.W.2d 633, 635 (Mo. App. 1988)). The MPA is broad in scope in order to prevent evasion by overly meticulous definitions; the determination of whether fair dealing has been violated turns on the unique facts and circumstances of each case. *Id.* To establish "unlawful practice" it is not necessary to prove the elements of common law fraud. *Id.* It is the actor's conduct, rather

than his intent, that determines a violation of the MPA. *Webster v. Eisenbeis,* 775 S.W.2d 276, 278 (Mo. App. 1989).

In this case, plaintiff has plead that defendant's actions and omissions, including the false and misleading representations and omissions of material facts regarding the safety and potential risks of the ICD constitute acts, uses or employment by defendant. Plaintiffs further allege that the medical community, including decedent's physicians, relied on defendant's misrepresentations and omissions.

The Court finds that plaintiffs have adequately plead violations of the MPA. Plaintiffs allege the circumstances surrounding defendant's failure to disclose the ICD's propensity to fail. Actual communication is not necessary to state a claim for unfair practices under the MPA. Plaintiffs' allegations are sufficient under Rule 12(b)(6) to state a cause of action. As previously noted, a motion to dismiss tests the sufficiency of the complaint, not whether plaintiff will ultimately prove and/or prevail on the claim. At this stage of this litigation, the allegations of the Complaint are sufficient to withstand defendant's challenge.

Defendant also contends that Counts Eight and Nine are not pled with sufficient particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Here, the Court agrees. Rule 9(b) of the Federal Rules of Civil

Procedure requires that "the circumstances constituting fraud . . . be stated with particularity." Fed.R.Civ. P. 9(b). " To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. *See, e.g., Corsello,* 428 F.3d at 1012; *Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 746 (8th Cir.2002). Put another way, the complaint must identify the 'who, what, where, when, and how' of the alleged fraud. *Costner,* 317 F.3d at 888 (citing *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 550 (8th Cir.1997))." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006).

Plaintiffs' Complaint contains only general allegations of misrepresentation and omission. Nowhere in either of these counts does plaintiff specifically detail who made the representations or failed to do so; when any representations were made; or to whom the representations were made or should have been made. While the allegations are sufficient under standards set forth under Rule 8, they clearly fail to set forth the time, place and content of the allegedly false statements or statements that should have been made but were not. As such, plaintiff's Counts Eight and Nine are insufficient and the motion is well taken.

Defendant seeks to dismiss Count Ten because it contends that plaintiffs cannot establish sufficient reprehensibility to merit an award of punitive damages. Punitive damages are imposed for the purpose of punishment and deterrence. *Barnett v. La Societe Anonyme Turbomeca,* 963 S.W.2d 639, 659 (Mo.App.1997); *Letz v. Turbomeca Engine Corp.,* 975 S.W.2d 155, 177 (Mo.App.1997).

In a negligence case, punitive damages are awardable *only if*, at the time of the negligent act, the defendant knew or had reason to know there was a high degree of probability that the action would result in injury. *Alack v. Vic Tanny Intern. of Missouri, Inc.*, 923 S.W.2d 330, 338 (Mo. banc 1996). Punitive damages are submissible where the evidence shows the defendant knew or had reason to know that there was a high degree of probability that the action would result in injury. *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc.,* 700 S.W.2d 426, 435-36 (Mo. banc 1985). "In a products liability claim, the plaintiff must present evidence that the defendant placed an unreasonably dangerous product into the stream of commerce with actual knowledge of the defect. Under both negligence and strict liability theories, the plaintiff must demonstrate that the defendant showed a complete indifference to or conscious disregard for the safety of others. *Letz v. Turbomeca Engine Corp.,* 975 S.W.2d 155, 164-65 (Mo.App. W.D.1997). The test for punitive damages is a strict one, and many cases have been reversed because of

7

a punitive damage award. *See Bhagvandoss v. Beiersdorf, Inc.,* 723 S.W.2d 392, 397 (Mo. banc 1987)." *Jone v. Coleman Corp.* 183 S.W.3d 600, 610 (Mo.App. E.D.2005).

Defendant argues that because of the extensive regulation of ICD's, there is no set of facts which plaintiffs could assert that would evidence conduct on the part of defendant to provide a sufficient basis to award punitive damages. Defendant's argument, however, ignores the federal standard of pleading. All that is required of plaintiffs at this stage of the litigation is to provide defendant with notice of the claims against it; plaintiffs are not required to plead specific facts, nor are they required to demonstrate that they can prove specific facts.

Plaintiffs allege that the acts and omissions of the defendant showed complete indifference to or conscious disregard for the safety of others entitling them to punitive damages. Plaintiffs also allege that defendant did not comply with the required standards for ICD's. These allegations are sufficient to apprise defendant of the claim. Proof thereof is not required at this time, rather, under the provisions of Rule 56, defendant may desire to file a motion for summary judgment after completion of discovery.

Finally, defendant argues that Counts One, Two and Three must be dismissed because plaintiffs are impermissibly seeking to step into the shoes of the Food and

Drug Administration by seeking to enforce violations of the Food, Drug and Cosmetic Act, 21 U.S.C. § 301, *et seq*. The Court agrees with plaintiffs that setting forth these violations is not an attempt to bring a private cause of action for said violations, rather, plaintiffs set forth the violations in order to establish the standard or duty that plaintiffs claim defendant failed to meet under the theories set out in these counts.

### **Conclusion**

Except with respect to plaintiffs' claims of fraud, Plaintiffs' Complaint sets forth a short and plain statement of the claims against defendant as required by Rule 8 of the Federal Rules of Civil Procedure, and based on the allegations of the Complaint, the Court cannot, at this point, conclude that plaintiffs can prove no set of facts in support of the claim which would entitle them to relief. *Conley,* 355 U.S. at 45-46; *Gilmore,* 406 F.3d at 937. The motion to dismiss is therefore denied in all respects except as to Counts Eight and Nine. Plaintiffs will be given leave to amend these counts to sufficiently alleged their fraud claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss, [Doc. # 8] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Counts VIII and IX of plaintiffs Complaint are dismissed.

**IT IS FURTHER ORDERED** that plaintiffs are given leave to file an Amended Complaint as to Counts VIII and IX within 14 days from the date of this Order.

Dated this 12th day of September, 2006.

*[signature]*

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE